UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Adrian C. Berkowitz,** | ) | **CASE NO. 1: 15 CV 1956** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **U.S.D.A.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* plaintiff Adrian C. Berkowitz has filed this civil rights action against the "U.S.D.A," along with an application to proceed *in forma pauperis*. The plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted; however, for the reasons stated below, his complaint is dismissed.

Although his allegations are rambling and difficult to decipher, the plaintiff complains, in a single-spaced letter written in a stream-of-consciousness format, of numerous ways he has been "shor[t] changed during [his] life time" by multiple people and organizations in the United States and Israel beginning in the 1970s. With regard to the U.S.D.A., he alleges that in the 1970s, after he was fired from two jobs, he had "no choise" [sic] but to form a corporation that was "involved in a food program that was run by the United States Department of Agriculture." He was "called to a review council of [the] U.S.D.A." and was "wired with nuclear tracer

equipment and wiretaping equipment." The U.S.D.A. closed the program down and required him to pay back $225,000. After the U.S.D.A. later decided he did not have to pay back the money, he left for Israel because he was sued in a Jewish court. His wife locked him out of the house, and the Jewish community forced him to divorce her. He stayed in Israel from 1979 until 1990. In Israel, he was kicked, beaten, and strangled by students in an Israeli rabbinical school, fired from a job in an automotive company, and forced to sleep in a school instead of at the home of a rabbi from Cleveland because "[i]t seemed that they [were] investigating the butcher from Ohio." He was wired with tracer equipment, which he reported to the CIA at the American Embassy, the FBI, and the State Department with no response. He notified the U.S.D.A. he was going to sue.

In his pleading, he states: "I whould [sic] like you [to] compensate Social Security Department and I whould [sic] like to be compensated 10 TEN MILLION DOLLAR[S] for suphering [sic] without a job and [for the] Jewish community forcing me to divorce my wife like kidnaping." He also states he would like to sue the Jewish community.

While courts are obligated to view *pro se* pleadings liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), 28 U.S.C. § 1915(e)(2)(B) requires a federal district court to dismiss before service any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In order to state a claim on which relief may be granted for purposes of 28 U.S.C. §1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v.*

*Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915(e)(2)(B)). To survive a dismissal, the factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

A claim is frivolous when it lacks an arguable basis in law or in fact; therefore, a court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319 (1989). A complaint also has no arguable basis in fact when its allegations are delusional or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

The plaintiff's complaint, even liberally construed, fails to state a plausible claim on which relief may be granted and is legally and factually frivolous. The complaint does not set forth any intelligible, rational factual basis that would support a discernible federal civil rights claim (or any federal claim) against the U.S.D.A., or the "Jewish community." While courts are generally required to read *pro se* complaints indulgently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Furthermore, any civil rights claim the plaintiff purports to assert for conduct that occurred in the 1970s and 1990s would be time-barred in any event. *See Browning v. Pendleton*, 869 F.2d 989 (6th Cir.1989) (holding that the limitations period for civil rights actions arising in Ohio is two years).

**Conclusion**

Accordingly, for the reasons stated above, this civil rights action is *sua sponte* dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                 /s/ Patricia A. Gaughan
                                                 PATRICIA A. GAUGHAN
                                                 United States District Judge

Dated: 10/15/15